```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF TEXAS
          DALLAS DIVISION
```

UNITED STATES OF AMERICA,        §
                                 §
            Plaintiff,           §
                                 § Criminal Action No. 3:15-CR-559-D(6)
VS.                              §
                                 §
KELLY ROBINETT,                  §
                                 §
            Defendant.           §

## MEMORANDUM OPINION AND ORDER

Defendant Kelly Robinett ("Robinett"), who is charged in various counts of a multicount superseding indictment ("indictment") with the offenses of conspiracy to commit healthcare fraud and healthcare fraud,[1] moves under Fed. R. Crim. P. 12(b)(1)[2] to dismiss Counts 1, 4, 5, and 6[3] of the superseding indictment, or, alternatively, for a bill of particulars. Concluding that the indictment provides sufficient notice of the offenses charged and that no other reasons warrant dismissal or a bill of particulars, the court denies the motion.

---

[1] Counts 2 through 6 also charge that defendants are guilty as aiders and abettors under 18 U.S.C. § 2.

[2] Although Robinett's brief states that he is moving under Fed. R. Crim. P. 7, it is Rule 12(b)(1) that permits a party to raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits.

[3] The indictment refers to the count numbers using words and numerals. For ease of reference, the court will refer to the count numbers using numerals.

I

Defendants in this case are physicians and other individuals who were associated with Timely Home Health Services, Inc. The indictment charges in Count 1 that defendants conspired to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and in Counts 2 through 6 that defendants committed healthcare fraud, in violation of 18 U.S.C. § 1347. Robinett moves to dismiss Counts 1, 4, 5, and 6 of the indictment (the four counts in which he is charged). The government opposes the motion.

II

The court begins with Robinett's motion to dismiss Count 1, the conspiracy count.

A

Robinett moves to dismiss Count 1 on the ground that it lacks sufficiency. He maintains that the indictment fails to adequately apprise him of the nature of the charges against him and fails to include the elements of Count 1; many of the allegations in the indictment do not refer to him, and that those that do are conclusory and do not meet the constitutional standards for an indictment; the indictment fails to specify what direct connection (i.e., communications, understandings, agreements, or otherwise) he had with the other named defendants; nothing in the indictment directly links him to any of the named defendants he is alleged to have conspired with, and Count 1 therefore fails to state an element of the offense, i.e., that he had a meeting of the minds with the named defendants or unnamed coconspirators regarding the alleged conspiracy; Count 1 should be dismissed as facially insufficient as to him for failing to allege any agreement between him and the

- 2 -

alleged coconspirators, which is a necessary element of a conspiracy offense; and Count 1 is at odds with Counts 4 through 6 because Count 1 alleges that defendants engaged in a conspiracy from January 2007 through September 2015, but Counts 4 through 6 cover fewer than six months during the latter half of 2013.

The government responds that the indictment provides more than sufficient detail as to how Robinett is alleged to have violated the law; Count 1 sets forth each element of conspiracy to commit health care fraud; and it is not necessary that the indictment describe any agreement between the coconspirators or plead that all members of a conspiracy knew one another or all of the unlawful elements of the scheme.

B

To be sufficient, an indictment must "'allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding.'" *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Morrow*, 177 F.3d 272, 296 (5th Cir. 1999)). "Thus, an indictment is sufficient if it 'contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend.'" *Id.* (quoting *United States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)). "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges." *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) (citations omitted). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged."

*United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003); *see also United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017); *United States v. Hagmann*, 950 F.2d 175, 182-83 (5th Cir. 1991). When the court decides a motion to dismiss the indictment for failure to state an offense, it is required to "take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

C

Count 1 charges all defendants with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349. Section 1349 provides: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." *Id.* The essential elements of a conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement. *United States v. Gordon*, 780 F.2d 1165, 1170 (5th Cir. 1986) (citation omitted); *see also United States v. Delgado*, 668 F.3d 219, 226 (5th Cir. 2012) ("To prove conspiracy to commit healthcare fraud, violating 18 U.S.C. § 1349, the government must establish the existence of an agreement between two or more people to pursue the offense of fraud; the defendant knew of the agreement; and the defendant voluntarily participated in the conspiracy." (citation omitted)). "[C]onspiracy incorporates willfulness and specific intent," and "intent to accomplish an object cannot be alleged more clearly than by stating that parties conspired to accomplish it." *Gordon*, 780 F.2d at 1170 (quoting

*United States v. Purvis*, 580 F.2d 853, 859 (5th Cir. 1978)). "A conspiracy indictment is sufficient if it sets out the essential elements of the charge and lists overt acts committed in furtherance of the conspiracy." *Id.*

Count 1 of the indictment charges that all six defendants

> did knowingly and willfully combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury . . . to knowingly and willfully execute a scheme and artifice to defraud a healthcare benefit program affecting commerce . . . that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of [Medicare] in connection with the delivery of and payment for healthcare benefits, items, and services.

Indictment ¶ 20. The indictment also alleges the purpose of the conspiracy and the manner and means by which defendants sought to accomplish the purpose of the conspiracy, and it includes factual allegations pertaining to each defendant's alleged role in the conspiracy. *Id.* ¶¶ 21-29. The indictment charges that defendants caused the submission and concealment of false and fraudulent claims to Medicare and caused the diversion of the proceeds of the fraud for their personal use and benefit to unlawfully enrich themselves. Regarding Robinett's alleged role in the conspiracy, the indictment charges that other defendants and coconspirators provided and caused to be provided false and fraudulent plans of care to Robinett; that Robinett "would falsely certify that beneficiaries qualified for home health care," *id.* at ¶ 27, despite the fact that the beneficiaries were not under his care and did not qualify for home health care; that Robinett "caused Medicare to be billed for these false certifications, and unnecessary home health services," *id.*; and that Robinett "caused

Medicare to be billed for other services these beneficiaries did not need," *id.*

The court concludes that Count 1 of the indictment is sufficient "because it contains the elements of the offense charged and fairly informs [Robinett] of the charge against which [he] must defend." *United States v. Petras*, 2016 WL 1054597, at *2 (N.D. Tex. Mar. 17, 2016) (Fitzwater, J.) (citing *United States v. Persing*, 318 Fed. Appx. 152, 154 (4th Cir. 2008) (per curiam) ("Because the indictment filed against [the defendant] alleged the essential elements of the offense, and tracked the statutory language, we find that the indictment was valid." (alteration omitted))), *aff'd*, 879 F.3d 155 (5th Cir. 2018).

III

The court next considers Robinett's motion to dismiss Counts 4 through 6 of the indictment, which charge him with healthcare fraud, in violation of 18 U.S.C. § 1347.[4]

A

Robinett moves to dismiss Counts 4 through 6, contending that these counts are almost devoid of factual allegations and that the government "merely regurgitates the language of the statute . . . and provides a bare table with no further description of the offenses it is pursuing against [Robinett]." D. Br. 4.

Counts 4 through 6 charge all defendants with healthcare fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1347 and 2. Section 1347 provides:

(a) Whoever knowingly and willfully executes, or attempts to

---

[4]As noted, *see supra* note 1, Counts 2 through 6 also charge that defendants are guilty as aiders and abettors under 18 U.S.C. § 2.

> execute, a scheme or artifice—
> (1) to defraud any health care benefit program; or
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 1347. A health care benefit program is "any public or private plan or contract, affecting commerce, under which any medical benefit, item or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract." *United States v. Collins*, 774 F.3d 256, 260 (5th Cir. 2014) (quoting 18 U.S.C. § 24(b)). Health care fraud "requires some type of deceit" in the form of "fraud or falsity but does not require payment in return for a referral." *United States v. Ogba*, 526 F.3d 214, 234 (5th Cir. 2008). "With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section." 18 U.S.C. § 1347(b); *see also United States v. Whitfield*, 485 Fed. Appx. 667, 670 (5th Cir. 2012) (requiring that government prove only that defendant had knowledge of Medicare fraud and intent to further the fraud).

The aiding and abetting statute, 18 U.S.C. § 2, provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2. The statute does not define a separate crime. *United States v. Walker*, 621

F.2d 163, 166 (5th Cir. 1980). "It simply makes punishable as a principal one who aids or abets the commission of a substantive crime." *Id.* (citation omitted). To prove that a defendant is guilty as an aider and abettor, the government must establish that "the elements of the substantive offense occurred; and the defendant 'associate[d] himself with the venture, . . . participate[d] in it as something . . . he wishe[d] to bring about, . . . [and sought] by his actions to make it succeed.'" *United States v. McDowell*, 498 F.3d 308, 313 (5th Cir. 2007) (alterations in original) (citation omitted). Thus aiding and abetting liability requires "knowledge of all elements of the underlying crime." *Id.* at 315 (citation omitted). At the indictment stage, "the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971); *see also Walker*, 621 F.2d at 166.

B

The court concludes that the indictment sufficiently states the elements of the offenses charged to provide Robinett with the notice required to prepare a defense. The indictment provides notice of the government's intent to pursue an aiding and abetting theory of guilt. Not only does the relevant section of the indictment specify 18 U.S.C. § 2, but ¶ 31 specifically charges that defendants were "aiding and abetting others." Paragraph 31 also alleges all of the essential elements of a § 1347 charge. The indictment's plain language tracks the language of 18 U.S.C. § 1347, alleging that all six defendants

> aided and abetted by others, and aiding and abetting others known and unknown . . . in connection with the delivery of and payment for healthcare benefits, items and services, did knowingly and willfully execute and attempt to execute, a scheme and artifice to defraud a healthcare benefit program affecting commerce . . . that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of Medicare by submitting or causing the submission of false and fraudulent claims to Medicare for home health services[.]

Indictment ¶ 31. The table in ¶ 32 of the indictment charges the "Time Period of the Purported Home Health Services" and the approximate value of the corresponding medicare claims. In each of Counts 2 through 6 the count lists the specific defendants who are alleged to have violated § 1347 or aided and abetted the violation.

As with Count 1, the court concludes that Counts 4 through 6 of the indictment are sufficient because they contain the elements of the offenses charged and fairly inform Robinett of the charges against which he must defend. *See Petras*, 2016 WL 1054597, at *2 (citing *Persing*, 318 Fed. Appx. at 154).

IV

The court now turns to Robinett's alternative motion for a bill of particulars.

A

Robinett requests that the court direct the government to file a bill of particulars identifying the basis for the allegation in Count 1 that the conspiracy began "[f]rom in or about January 2007 through in or about September 2015," and the dates on which each alleged coconspirator is alleged to have joined the conspiracy; all overt acts not already

identified in the indictment (including dates of, locations of, and participants in meetings and conversations) allegedly committed in furtherance of the alleged conspiratorial agreement, or, alternatively, the overt acts that the government alleges Robinett participated in; the dates, times, and places at which Robinett is alleged to have combined, conspired, confederated, and agreed with defendants and any unindicted alleged coconspirators to defraud a healthcare benefit program; and the names of any unindicted alleged coconspirators that the government intends to call as witnesses at trial. With respect to Counts 4 through 6, Robinett requests that the court direct the government to file a bill of particulars identifying what specific acts or omissions Robinett allegedly took that constitute "submitting or causing the submission of false or fraudulent claims to Medicare for home health services," and regarding which counts, if any, the government considers Robinett to be an accessory, and which counts, if any, the government considers Robinett to be a principal.[5]

B

The purposes of a bill of particulars are to provide the defendant with sufficient notice of the charges against him so that he can prepare an adequate defense, to minimize surprise to the defendant at trial, and to enable the defendant to plead double jeopardy in the event of a subsequent prosecution. *See, e.g., United States v. Carlock*, 806 F.2d 535, 550 (5th Cir. 1986); *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973). A bill of particulars cannot be used, however, to "obtain a detailed disclosure of the government's evidence prior

---

[5]The government has not responded to Robinett's alternative motion for a bill of particulars.

to trial[.]" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (quoting *Perez*, 489 F.2d at 70-71); *see also United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (explaining that bill of particulars "is not designed to compel the government to detailed exposition of its evidence" (citation omitted)). "[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).

In determining whether a bill of particulars is necessary, the court examines "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges against him to enable him to prepare for trial." *United States v. Martinez*, 2010 WL 2025226, at *7 (N.D. Tex. May 21, 2010) (Fitzwater, C.J.) (citations omitted); *see also United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979) (affirming denial of motion for bill of particulars where defendant did not show that matters requested were necessary to inform him of the charge against him). Moreover, even if the indictment does not furnish sufficient information to enable the defendant to prepare a defense and to avoid surprise at trial, where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary. *See United States v. Kirkham*, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (concluding that "voluminous discovery" provided by government "obviated the need for a bill of particulars"). The decision to grant a bill of particulars is entrusted to the court's discretion. *Carlock*, 806 F.2d at 550.

C

The court concludes that Robinett is not entitled to a bill of particulars. As explained above, the indictment sufficiently sets forth the elements of the offenses charged, sufficiently apprises Robinett of the charges against him so that he can adequately prepare for trial, and enables him to plead double jeopardy in the event of a subsequent prosecution. Accordingly, the court denies Robinett's alternative request for a bill of particulars.

\* \* \*

For the reasons explained, the court denies Robinett's motion to dismiss counts 1, 4, 5, and 6 of the indictment, or, alternatively, for a bill of particulars.

**SO ORDERED**.

April 5, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE