IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § Criminal Action No. 3:15-CR-559-D(5) <br> VS. § <br> § <br> KELLY ROBINETT, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses the following motions filed by defendant Kelly Robinett ("Robinett"): April 14, 2017 motion for discovery and inspection; April 14, 2017 unopposed motion for early disclosure of Jencks Act materials; April 14, 2017 motion for early production of witness statements; April 14, 2017 unopposed motion for disclosure of extraneous offenses; April 14, 2017 motion for disclosure of impeachment information; April 14, 2017 unopposed motion for disclosure of plea bargain agreements and grants of immunity; April 14, 2017 motion for evidence favorable to defendant; April 14, 2017 motion for *in-camera* inspection of co-defendant statements; January 12, 2018 motion for severance; and January 12, 2018 motion for disclosure of experts and reports.[1] Robinett, along with five other defendants, is charged in Count 1 of the superseding indictment with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and he is charged in Counts 4, 5, and 6 with healthcare fraud, in violation of 18

---

[1]This case was transferred to the undersigned's docket on March 20, 2018.

U.S.C. § 1347, and aiding and abetting, in violation of 18 U.S.C. § 2. The trial is set for July 23, 2018.

I

The following motions filed by Robinett are unopposed: April 14, 2017 unopposed motion for early disclosure of Jencks Act materials; April 14, 2017 unopposed motion for disclosure of extraneous offenses; April 14, 2017 unopposed motion for disclosure of plea bargain agreements and grants of immunity; and January 12, 2018 motion for disclosure of experts and reports.[2] Accordingly, the court grants the motions as follows. As provided *infra* at § VI, the government must disclose Jencks Act statements no later July 9, 2018 at noon, and it must make the disclosures that are the subject of the other three motions no later than July 2, 2018 at noon.

II

In Robinett's April 14, 2017 motion for discovery and inspection, he moves for 19 categories of discovery. The court has organized some of Robinett's categories of evidence into subcategories for purposes of this memorandum opinion and order.

---

[2]On January 26, 2018 the government filed a notice of no objection to this motion.

A

*Rule 16 Evidence*

In requests Nos. 2, 4-8, and 14-17, Robinett requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(D). In request No. 2, Robinett requests that the government be ordered to disclose any written or recorded statements made by, or purported to have been made by, Robinett, together with the substance of any oral statement attributed to him, including any tape recordings of conversations, whether by telephone or other means, to which Robinett is purported to have been a party, and any and all documents, instruments, or forms of any kind signed or purported to have been signed by Robinett. Robinett requests in request No. 4 that the government be ordered to disclose any DEA, FBI, or other federal or local law enforcement arrest, charge, and conviction records of Robinett. In request No. 5, Robinett requests that the government be ordered to disclose any tangible objects obtained during the investigation of this case, including any and all currency, documents, instruments, or other writings obtained from Robinett. Robinett requests in No. 6 that the government be ordered to disclose any instruments, documents, or other tangible objects that the government intends to use in its case-in-chief and that were obtained from, or are alleged to belong to, or were made of Robinett. In request No. 7, Robinett requests that the government be ordered to disclose all other instruments, documents, transcripts, or other tangible objects that the government plans to offer as evidence in this case. Robinett requests in request No. 8 that the government be ordered to disclose any books, papers, documents, or tangible objects that

the government relied on in returning the indictment against Robinett, or that the government plans to offer in evidence in this case. In request No. 14, Robinett requests that the government be ordered to disclose any and all results of physical and mental examinations. Robinett requests in request No. 15 that the government be ordered to disclose any written reports of any scientific analysis, test, or any experimentation of any evidence that the government intends to introduce as evidence in this action, if any, conducted by the government or any of its agents or anyone at its direction, together with a description, test results, test dates, and any other determinations.[3] In request No. 16, Robinett requests that the government be ordered to disclose any handwriting or voice exemplars or other materials (whether of Robinett or of some other person or persons, known or unknown) that the government intends to offer into evidence, including any comparisons or written reports or tests, analysis, or other examinations conducted by the government, any of its agents, or anyone at its direction. Robinett requests in request No. 17 that the government be ordered to disclose the transcript or testimony given by any person before the grand jury in this action, including the precise nature of any statements attributable to defendant.

To the extent that Robinett requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed

---

[3]Requests Nos. 16 and 17 do not specifically cite Rule 16, but they fall within the scope of the Rule.

what is required by these authorities, the motion is denied.

B

*Rule 12(b)(4) Evidence*

In request No. 1, Robinett requests that the government be ordered to notify him of any evidence it intends to use in its case-in-chief in order to afford him an opportunity to move to suppress evidence under Rule 12(b)(3). To the extent that Robinett requests discovery that the government is required to disclose under Rule 12(b)(4), the motion is granted. To the extent his request exceeds what is required by this authority, the motion is denied.

C

*Statements of codefendants or coconspirators*

In request No. 3, Robinett requests that the government be ordered to disclose any statements that the government alleges are admissible under Fed. R. Evid. 801(d)(2)(D) against defendant that a coconspirator made during the course and in furtherance of a conspiracy. In request No. 9, Robinett requests that the government be ordered to disclose any statements of the codefendants or alleged coconspirators, whether written or oral, subsequently reduced to writing, taped, recorded, transcribed, or summarized in any agents' reports, or copies thereof, within the possession, custody, or control of the government.

To the extent Robinett requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion

- 5 -

is denied.

D

*Witness Lists and Impeachment Evidence*

Robinett requests in request No. 10 that the government be ordered to disclose the names and addresses of any individual witnesses whom the government intends to call at trial either in its case-in-chief or as rebuttal witnesses. In request No. 11, Robinett requests that the government be ordered to disclose the names and addresses of any persons who have knowledge pertaining to this case or who have been interviewed by the government or its agents in connection with this action. Robinett requests in request No. 12 that the government be ordered to disclose any DEA, FBI, or other federal or local arrest, charge, or conviction records of all persons in requests Nos. 10 and 11 whom the government plans to call as witnesses. He requests in request No. 13 that the government be ordered to disclose written statements for any persons in requests Nos. 10 and 11 whom the government does *not* plan to call as witnesses in this action. Robinett requests, in request No. 18, that the government be ordered to disclose any and all material known or that through due diligence may be learned from the investigating officers or the witnesses or persons having knowledge of this case, that is exculpatory in nature and favorable to the accused, or that might serve to mitigate punishment, including any evidence impeaching or contradicting the testimony of government witnesses or instructions to government witnesses not to speak with or discuss the facts of this case with defense counsel. In request No. 19, Robinett requests that the government be ordered to disclose the substance of any statements, discussions,

conversations, or exchanges of information between the government, including its agents and employees, with any alleged coconspirator, including the alleged coconspirator's counsel, agent, employee, or other representative, indicating a promise or a suggestion of leniency, compensation, assurance not to prosecute, agreement to proceed on only certain counts of an indictment, representations with respect to as-yet uncharged misconduct, or any benefit accruing to said coconspirators in exchange for their cooperation, assistance, or testimony in relation to this action.

To the extent Robinett requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

### III

In his April 14, 2017 motion for early production of witness statements, Robinett moves the court pursuant to the Jencks Act [18 U.S.C. § 3500] to require the government to produce [1] any statements as defined by 18 U.S.C. § 3500(e) of all witnesses the government expects or intends to call at trial, and [2] any handwritten notes, records, or memoranda of all law enforcement and government agents involved in the investigation of this action and the facts that led to it, in accordance with 18 U.S.C. § 3500(b). Robinett requests that the government be ordered to produce this information within 14 days prior to the commencement of trial.

To the extent Robinett requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

Except to the extent the court has granted Robinett's April 14, 2017 unopposed motion for early disclosure of Jencks Act materials, *see supra* § I and *infra* § VI, the court denies his request that the government be ordered to produce this information within 14 days prior to the commencement of trial. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id*. The court is imposing an even earlier deadline in this case based on Robinett's unopposed motion for early disclosure of Jencks Act materials, in which he requests that disclosure be made not less than one week before the commencement of trial. Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VI.

IV

In his April 14, 2017 motion for disclosure of impeachment information, Robinett requests that the government be ordered to disclose 13 categories of evidence that could be

used to impeach witnesses the government intends to call at trial and non-witness declarants whose statements the government intends to offer in evidence.

To the extent Robinett requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

V

In his April 14, 2007 motion for evidence favorable to defendant, Robinett requests disclosure of 13 categories of evidence that he maintains would be exculpatory. He requests that the government's attorney be ordered to examine her files and to question the government's agents, informants, or other persons working with the government in this case as to their knowledge of any such evidence or materials.

To the extent Robinett requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied.

VI

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than July 2, 2018 at noon.

Concerning material covered by the Jencks Act or Rule 26.2(a), the government must disclose such statements no later July 9, 2018 at noon.

## VII

Robinett moves for an *in camera* inspection of codefendant statements. It requests that the court order the government to submit all statements of codefendants to the court under seal so that the court can conduct an *in camera* inspection of those statements to identify potential Confrontation Clause problems that would violate *Bruton v. United States*, 391 U.S. 123 (1968).

The government responds that many of the statements sought to be introduced at trial will be from codefendant Shawn Chamberlain ("Chamberlain"), to whom *Bruton* is inapposite because Chamberlain will testify. The government posits that, for other statements that it seeks to introduce, it may redact the confession to remove references to the implicated defendant.

Under the Confrontation Clause, a criminal defendant is guaranteed the right to "be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court held in *Bruton* that a defendant's Confrontation Clause rights were violated by the admission of a non-testifying codefendant's confession that directly implicated the defendant in the criminal act, even though the trial court issued a limiting instruction to the jury. *Bruton*, 391 U.S. at 126. The scope of *Bruton* was later clarified in *Richardson v. Marsh*, 481 U.S. 200 (1987), in which the Court held that a non-testifying codefendant's confession was constitutionally admissible when it was redacted to include references only to the nontestifying codefendant and a third person, not the defendant, and the trial court gave a limiting instruction to the jury. *Richardson*, 481 U.S. at 203, 211.

Robinett has not demonstrated that an *in camera* inspection is needed at this time. To the extent any of Robinett's codefendants intend to testify at trial, *Bruton* is inapplicable because the witness can be confronted and cross-examined. To the extent the government intends to introduce at trial a codefendant's co-implicating confession, Robinett has not provided any reason why a limiting instruction and proper redaction will be insufficient to address his *Bruton* concerns. And to the extent Robinett is entitled under *Bruton* to greater relief, he has not shown why a pretrial *in camera* inspection is necessary for the court to grant any needed relief. Accordingly, Robinett's motion for *in camera* inspection of codefendant statements is denied.

## VIII

The court now turns to Robinett's January 12, 2018 motion to sever.

### A

Robinett moves the court to sever his trial from the trial of his codefendants, contending there is a significant risk that a joint trial will substantially prejudice and undermine his right to a fair trial and prevent the jury from making a reliable judgment about his guilt or innocence. Robinett maintains that a severance is necessary because nearly all of the government's evidence will be irrelevant as to him; the only connection between Robinett, the codefendants, and the conspiracies alleged in the indictment is Robinett's connection, beginning in June 2013, to Chamberlain, another defendant, and, as such, nearly all of the evidence introduced at a joint trial will be irrelevant and unrelated to the sole charge against Robinett, yet the nature of the evidence will all but assure the substantial

degradation of Robinett's right to a fair trial; and although each factor may not by itself be sufficient to warrant a severance, their cumulative effect warrants a finding that severance should be granted and Robinett tried separately.

The government opposes Robinett's motion, arguing that Robinett is linked to the conspiracy through a series of false documents presented to him by Chamberlain on behalf of Timely Home Health Services, Inc. ("Timely"), that Robinett signed these documents and represented to Medicare that he was the treating physician for patients when he had no relationship with them, that Robinett routinely signed off on false paperwork indicating that he had referred patients to Timely when he had not, and that this case is factually distinct from cases dealings with multiple conspiracies linked by one person. The government also posits that, even if the court severs Robinett's trial from the trial of the other defendants, much of the evidence against Robinett will be the same in both trials, and judicial economy therefore outweighs any prejudice that can not be cured by a limiting instruction.

B

The oft-cited general rule in this circuit is that codefendants who are indicted together should be tried together. *See, e.g., United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992) (citing *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989)). "Joinder is the rule rather than the exception." *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, codefendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *see also United States v. Featherson*, 949 F.2d 770, 773 (5th Cir. 1991) ("This rule is especially strong when the

defendants are charged with committing the same conspiracy."). A district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or would prevent the jury from making a reasonable judgment about guilt. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). A defendant must demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection. *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990) (citations omitted).

To decide Robinett's motion for severance, the court must balance the potential prejudice to Robinett against the public interest in joint trials. *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. Jun. 23, 2008) (Fitzwater, C.J.) (citing *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)). To obtain a trial severance, Robinett must do more than show some prejudice; he must demonstrate that he will receive an unfair trial and suffer specific and compelling prejudice against which the court cannot protect him. *See United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).

C

Robinett moves for a severance on the ground that his involvement in the alleged conspiracy was limited, and that the spillover effect of evidence relating to the conduct of his codefendants will be unduly prejudicial.

As noted above, the rule in this circuit is that codefendants who are indicted together should be tried together. *See, e.g., Lopez*, 979 F.2d at 1035.

> In order to obtain severance under Rule 14, the [defendant has] the difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder . . . . The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.

*United States v. Zicree*, 605 F.2d 1381, 1388-89 (5th Cir. 1979) (quoting *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978)). Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[ ] the jury to consider each offense separately and each defendant individually." *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009) (quoting *United States v. Manzella*, 782 F.2d 533, 540 (5th Cir. 1986)). "Limiting instructions such as these are generally 'sufficient to prevent the threat of prejudice resulting from unsevered trials.'" *Id.* (quoting *United States v. Massey*, 827 F.2d 995, 1005 (5th Cir. 1987)).

Moreover, "prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance[.]" *United States v. Potashnik*, 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17, 2008) (Lynn, J.) (citing *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996)). "Similarly, a quantitative disparity in the *amount* of evidence offered against one defendant in relation to other co-defendants is also normally insufficient to warrant severance under Rule 14[.]" *Id.* (citing *Pofahl*, 990 F.2d at 1482). Even if more damaging evidence is presented against one defendant than another, severance is not the proper means of confining

"spillover" evidence. "The pernicious effect of cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the Government." *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985) (alterations omitted) (quoting *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976)); *see also Piaget*, 915 F.2d at 142. The decision to grant a severance under Rule 14 on the ground that the joinder of the defendants prejudices one defendant lies within the district court's discretion. *Neal*, 27 F.3d at 1045.

Robinett has not demonstrated that the court should vary from the normal rule that defendants charged with the same conspiracy should be tried together. He has not carried his "difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder[.]" *Zicree*, 605 F.2d at 1388-89. Robinett contends that the allegations and evidence against the codefendants will undermine his right to a fair trial because his role in the alleged conspiracy was much more limited than theirs. But his reasoning does not adequately address the fact that the court can instruct the jury that it is to consider separately the evidence offered against each defendant. *See, e.g., Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted. *See United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990). Robinett has not demonstrated that, under all the circumstances of this particular case, the jury cannot, as a practical matter, follow the court's admonitory instructions and collate and appraise the

independent evidence against Robinett. Because Robinett has failed to demonstrate that the jury will not be able to compartmentalize the evidence against the various defendants or to apply that evidence in accordance with the jury charge—in which the court anticipates that the jury will be instructed to consider only the evidence offered against the defendant in question—he has failed to demonstrate that the court should grant a severance.

Accordingly, Robinett's motion for severance is denied.

**SO ORDERED**.

April 5, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE